UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 06-CV-5003 (JFB)(AKT)

———————————

Eric Hall,

Plaintiff,

versus

John E. Potter, Postmaster General,

Defendant.

———————————

MEMORANDUM AND ORDER
March 4, 2009

———————————

Joseph F. Bianco, District Judge:

Plaintiff *pro se* Eric Hall ("plaintiff" or "Hall") brought the above-captioned action against his employer, defendant John E. Potter, Postmaster General ("defendant"), alleging the following: employment discrimination on the bases of plaintiff's race, color and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); employment discrimination on the basis of plaintiff's disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (the "Rehabilitation Act");[1] and improper retaliation for protected activity in violation of both aforementioned statutes. Plaintiff seeks $211,000,000, an injunctive order, damages, costs and attorney's fees.

Defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) on the grounds that plaintiff has failed to timely exhaust his administrative remedies. After carefully considering the submissions of both parties and for the reasons set forth herein, defendant's motion is granted in part and denied in part. Specifically, defendant's motion is granted with respect to

---

[1] The standard for evaluating a claim under the Rehabilitation Act is the same as that applied to claims under the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq* (the "ADA"). 29 U.S.C. § 791(g) ("The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990.").

all claims which arise from allegations *not* contained in plaintiff's complaint filed with the Equal Employment Opportunity ("EEO") office on September 13, 2004 (the "2004 Complaint"). Defendant's motion is denied with respect to all claims encompassed by the 2004 Complaint.

I. BACKGROUND

A. Facts

The Court has taken the facts described below from the parties' affidavits, exhibits and defendant's Local Rule 56.1 Statement of Facts ("Def.'s 56.1").[2] In ruling on a motion for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2001).

1. Allegations of Discrimination in 2000-2003

On October 14, 2000, plaintiff contacted the EEO office for the United States Postal Service ("Postal Service"), alleging discrimination on the basis of race when his supervisor yelled at him in front of "everyone" and he was prohibited from seeing his shop steward until the end of his shift. (Def.'s 56.1 ¶ 14.) On January 12, 2001, plaintiff and the Postal Service settled the matter such that plaintiff would voluntarily withdraw the associated complaint. (*Id.* ¶¶ 15-16.) On August 5, 2001, plaintiff contacted the EEO office alleging discrimination on the bases of race, gender and physical disability, as well as retaliation for protected activity, when one of his supervisors touched his face three times and two other supervisors harassed him and removed him from his work area. (*Id.* ¶ 17.) He subsequently filed an EEO complaint regarding the same on December 6, 2001,

---

[2] Defendant submitted a statement, pursuant to Local Civil Rule 56.1, which asserts material facts which it claims are undisputed in this case. Defendant also complied with Local Civil Rule 56.2 by providing notice to *pro se* plaintiff that he is not entitled to simply rely on allegations in his complaint, but is required to submit evidence, including sworn affidavits, witness statements and documents, to respond to the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(e). This action provided actual notice to plaintiff of the consequences of non-compliance with the requirements of that rule. *See, e.g., Irby v. N.Y. City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001) ("[W]e remind the district courts of this circuit, as well as summary judgment movants, of the necessity that *pro se* litigants have actual notice, provided in an accessible manner, of the consequences of the *pro se* litigant's failure to comply with the requirements of Rule 56.... [E]ither the district court or the moving party is to supply the *pro se* litigant with notice of the requirements of Rule 56.... In the absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic.") (internal quotations and citations omitted). Although the plaintiff did not specifically respond to defendant's Rule 56.1 Statement in the precise form specified by the local rule, the Court overlooks this technical defect and reads plaintiff's opposition papers liberally, as he is *pro se*, and considers factual assertions made by his opposition letter with accompanying exhibits as contesting defendant's statement of material undisputed facts, where his statements or evidence conflict with those of the defendant. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.") (citations omitted); *see also Gilani v. GNOC Corp.*, No. 04 Civ. 2935 (ILG), 2006 WL 1120602, at *2 (E.D.N.Y. Apr. 26, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Local Civil Rule 56.1).

which was accepted for investigation on January 29, 2002. (*Id*. ¶ 19.)

On April 12, 2002, plaintiff filed an EEO complaint alleging discrimination on the bases of race, color, gender and physical disability, as well as retaliation for protected activity, when he received a fourteen-day suspension on December 24, 2001 and a letter of removal on March 29, 2002. (*Id*. ¶ 22.) On May 16, 2002, this complaint was consolidated with the complaint that he had previously filed on December 6, 2001. (*Id*. ¶ 21.) On May 27, 2003, plaintiff requested a hearing with an administrative judge, who then issued a Notice of Intent to Issue a Decision Without a Hearing on July 26, 2004. (*Id*. ¶ 25.) On August 6, 2004, plaintiff's attorney filed a motion in opposition to the Notice of Intent, but then informed the Equal Employment Opportunity Commission ("EEOC") on August 27, 2004 that he had been discharged as plaintiff's attorney and requested that the administrative judge stay his decision on the motion in opposition, as plaintiff wished to withdraw the charges. (*Id*. ¶¶ 26-27.) On September 10, 2004, plaintiff notified the EEOC of his intention to withdraw the charges. (*Id*. ¶ 28.) On September 13, 2004, the administrative judge dismissed the consolidated complaints. (*Id*. ¶ 29.)

On November 4, 2003, plaintiff contacted the EEO office alleging discrimination on the bases of race, gender and disability when a supervisor wore a set of prosthetic red lips in his presence. (*Id*. ¶ 30.) Plaintiff filed a formal complaint regarding the alleged incident on April 1, 2004, which was dismissed on May 7, 2004 for failure to state a claim. (*Id*. ¶¶ 31-32.) Plaintiff appealed this dismissal to the EEOC on June 4, 2004, which affirmed it on September 15, 2004. (*Id*. ¶¶ 33-34.) On October 22, 2004, plaintiff moved for reconsideration of the dismissal, a request which the EEOC denied on November 23, 2004. (*Id*. ¶¶ 35-36.)

2. The 2004 Complaint

On July 16, 2004, plaintiff contacted the EEO office for the Postal Service alleging discrimination on the bases of race, gender and physical disability, as well as retaliation for prior EEO activity, when he was directed to stand for a time period longer than four hours. (Def.'s 56.1 ¶ 1.) Specifically, plaintiff alleged that his supervisor forced him to stand for four hours and twenty minutes daily for approximately three months, in excess of the four hours daily recommended by his attending physician. (Compl. at 26-27; Amended Compl. at 7.)[3] On September 13, 2004, plaintiff filed an EEO complaint based on this same allegation and requested a hearing before an administrative judge on January 19, 2005, retaining Michael J. Schaff ("Schaff") as counsel for representation therein. (Def.'s 56.1 ¶¶ 2-4.) On April 29, 2005, the administrative judge entered summary judgment against plaintiff on his complaint. (*Id*. ¶ 5.)

On May 24, 2005, the Postal Service issued a Notice of Final Action, which was sent to plaintiff via regular mail and sent to Schaff via certified mail, return receipt requested, at the address of 104-21 68th Drive, #B30, Forest Hills, New York, 11375. (*Id*. ¶¶ 6-7.)[4] The

---

[3] Because the documents attached to plaintiff's Complaint and Amended Complaint are not designated as separate exhibits but rather comprise the document itself, the Court will cite to each document by its page numbers within the Complaint and Amended Complaint.

[4] Plaintiff states in his opposition to the instant motion that "there is no evidence what so ever [sic] that an attempted delivery notice was issued," (Plaintiff's Opposition, at 4), and provides a

3

cover letter which accompanied the Notice stated that "it should be further noted that the EEO Commission accepts that, absent a receipt for delivery, delivery is accomplished within five days of mailing. Therefore, time frames should be computed as commencing five days from the date of this letter." (Sturman Decl., Ex. A.) The envelope was returned to the Postal Service's EEO office after Schaff failed to claim the certified mail. (Def.'s 56.1 ¶ 8.) On July 1, 2005, the EEO office mailed a second copy of the Notice of Final Action to Schaff. (*Id.* ¶ 9.) The cover letter enclosing the Notice of Final Action stated:

> On May 24, 2005, this office issued a Notice of Final Action regarding your client Eric Hall's formal complaint of discrimination . . . . The Notice was mailed to you via certified mail . . . and subsequently returned to this office endorsed "unclaimed." A copy of the original envelope is attached for your information . . . . It should be further noted that the EEO Commission accepts that, absent a receipt for delivery, delivery is accomplished within five days of mailing. Therefore, time frames should be computed as commencing five days from the date of this letter.

(*Id.* ¶ 10.) Plaintiff asserts that his attorney actually received the letter on July 10, 2005. (Plaintiff's Opposition, at 5.) On August 7, 2005, plaintiff appealed the Notice of Final Action to the EEOC, which denied the appeal as untimely on December 16, 2005. (Def.'s 56.1 ¶¶ 11-12.) Plaintiff then filed a motion for reconsideration, which was denied by the EEOC on June 19, 2006. (*Id.* ¶ 13.) His attorney confirmed, in a certified statement filed in support of plaintiff's Motion for Reconsideration of the EEOC's denial of plaintiff's appeal, that he did not receive the letter enclosing the Notice until July 10, 2005. (Plaintiff's Ex. A, Ex. 3.) Moreover, Schaff stated in his argument in support of plaintiff's motion that "the [July 1, 2005] letter is dispositive evidence that [Schaff] received the Notice of Final Action not on May 24, 2005, but on July 10, 2005." (Plaintiff's Ex. A, at 4.)

3. Allegations of Discrimination in 2006

On February 4, 2006, plaintiff contacted the EEO office alleging discrimination on the bases of race, color and physical disability, as well as retaliation for protected activity, when a supervisor ordered him to perform duties he found uncomfortable and issued him two letters of warning. (Def.'s 56.1 ¶ 38.) On May 3, 2006, plaintiff sought to add an additional allegation to his charge, specifically, that on March 10, 2006, his supervisor yelled at him and stared at him menacingly. (*Id.* ¶ 39.) On May 4, 2006, after a final interview, plaintiff was informed that he would receive a right to file an individual complaint and have fifteen days to do so from the receipt of that notice. (*Id.* ¶ 40.) On May 5, 2006, the Postal Service faxed a Notice of Right to File Individual Complaint to plaintiff's attorney and sent hard copies by mail to both plaintiff and his attorney. (*Id.* ¶ 41.) Plaintiff did not file an EEO complaint regarding these allegations. (*Id.* ¶ 42.) Plaintiff does not dispute that his attorney received a copy of the Notice, but asserts that he (plaintiff) did not personally

---

lengthy description of how, generally, "on a frequent basis[,] mail will be delayed." (*Id.*)

4

receive the notice himself. (Plaintiff's Opposition, at 2, 4.)[5]

### B. Procedural History

On September 14, 2006, plaintiff filed the instant action. Defendant answered on January 9, 2007. On June 8, 2007, defendant moved to amend its answer. On July 27, 2007, plaintiff moved to amend his complaint. By Memorandum and Order dated February 14, 2008, the Court granted defendant's motion to amend the answer and denied, without prejudice, plaintiff's motion to amend the complaint. Defendant filed its amended answer on February 25, 2008. On March 11, 2008, plaintiff moved for leave to amend his complaint, attaching a copy of the proposed complaint. The Court granted plaintiff leave to file the amended complaint on April 30, 2008. Defendant answered the amended complaint on May 28, 2008. Defendant moved for summary judgment on June 30, 2008. Plaintiff filed his opposition on August 13, 2008. Defendant replied on August 26, 2008. This matter is fully submitted.

## II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir. 2002) (emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted); *Tufariello v. Long Island R.R.*, 364 F. Supp. 2d 252, 256 (E.D.N.Y. 2005). Accordingly, it is insufficient for a

---

[5] Plaintiff states: "[M]y final interview for my last EEO case was faxed and mailed to my representative on May 8, 2006[.] I had finally found out unfortunately I did not receive a copy until June 30, 2008 correspondence." (Plaintiff's Opposition, at 4.)

5

party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

Finally, where the plaintiff is proceeding *pro se*, the Court must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)). Though a *pro se* litigant's pleadings are afforded wide latitude, a *pro se* party's "bald assertion," completely unsupported by evidence, is not sufficient to defeat a motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Instead, to overcome a motion for summary judgment, the non-moving party "must bring forward some affirmative indication that his version of relevant events is not fanciful." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997) (internal citations omitted); *see also Morris v. Ales Group USA, Inc.*, No. 04 Civ. 8239 (PAC), 2007 U.S. Dist. LEXIS 47674, at *10 (S.D.N.Y. June 28, 2007) ("[T]o survive summary judgment, plaintiff's facts 'must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions.'") (quoting *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 n.14 (2d Cir. 1981)).

III. DISCUSSION

Defendant argues that summary judgment is warranted on the entirety of plaintiff's claims because he failed to properly exhaust them at the administrative level. In the alternative, defendant argues that plaintiff's complaint should be limited to the allegations set forth in the 2004 Complaint because he failed to timely exhaust all other claims giving rise to the various EEO complaints filed.[6] After carefully reviewing the submission of both parties and for the reasons set forth below, the Court finds that disputed issues of material fact regarding the timeliness of plaintiff's appeal of his 2004 Complaint to the EEOC preclude a determination that he failed to properly adhere to the requisite time frames and, thus, an evidentiary hearing to determine the timeliness of that appeal is warranted. However, as to the remainder of plaintiff's EEO complaints and the allegations contained therein, the Court finds that the undisputed facts demonstrate that plaintiff failed to properly exhaust his administrative remedies, and thus grants defendant's motion for summary judgment on all federal claims which arise from those complaints.

A. Legal Standard

It is well-settled that a plaintiff who alleges discrimination and retaliation under the Rehabilitation Act or Title VII must exhaust administrative remedies within a specified time frame before commencing an action in federal court. *See Bruce v. U.S. Dep't of Justice*, 314 F.3d 71, 74 (2d Cir. 2002); *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000) ("EEOC regulations require an employee suing the federal government under the Rehabilitation Act to exhaust certain administrative remedies before initiating a suit in the district court."); *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996) ("Under Title VII, a litigant must exhaust available administrative remedies in a timely fashion."); *Jordan v. Potter*, No. 05 Civ.

---

[6] In his opposition to the instant motion, plaintiff stated that "[t]his Civil Suit is based on all of my EEO complaints including the last complaint in the pre-counseling stage." (Plaintiff's Opposition, at 1.)

6

3005 (SJF) (ETB), 2007 WL 952070, at *4 (E.D.N.Y. Mar. 29, 2007) ("A federal employee seeking relief for disability discrimination under the Rehabilitation Act must follow the procedures set forth under Title VII . . . [and t]hus, a federal employee must exhaust certain administrative remedies . . . .") (citations omitted). Before a federal employee may commence a discrimination action in federal court, EEOC regulations require that the individual first consult with an EEO counselor within forty-five days of the allegedly discriminatory event, *see* 29 C.F.R. § 1614.105(a)(1), and then file a formal complaint against the agency that allegedly discriminated against the employee within fifteen days of receiving notice that the counselor has failed to resolve the claim. *See* 29 C.F.R. §§ 1614.105(d), 1614.106(a) and (b).

After the EEO office issues its final decision on a formal complaint, a claimant may then appeal to the EEOC, but must file that appeal within thirty days of receipt of the final decision. 29 C.F.R. § 1614.402(a). If a claimant chooses not to appeal the decision, he may then institute a civil action in federal court within ninety days of receipt of the final decision. 29 C.F.R. § 1614.407(a). If the claimant does appeal to the EEOC, he then has ninety days after the receipt of the EEOC's final decision to file a civil action. 29 C.F.R. § 1614.407(c). The Supreme Court has determined that "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *AMTRAK v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

Where a plaintiff fails to appeal a decision to the EEOC within the thirty-day statutory limit but does ultimately file a civil action within ninety days of the EEOC's final determination of that untimely appeal, the timely filing of the federal court action does not cure that plaintiff's original failure to abide by the requisite filing periods. *See, e.g., Jenkins v. Potter*, 271 F. Supp. 2d 557, 563 (S.D.N.Y. 2003) ("[T]he filing of the suit within 90 days cannot cure the untimeliness of the original appeal. To hold otherwise would allow a plaintiff to circumvent the administrative procedures set up by Congress.") (citing *Conway v. Runyon*, No. 94 Civ. 4960, 1995 WL 88976, at *2 (N.D. Ill. Feb. 24, 1995)); *Demesme v. Frank*, 753 F. Supp. 187, 189 (M.D. La. 1990) (same); *cf. Mathis v. Corp. for Nat. and Cmty Serv.*, 327 F. Supp. 2d 154, 157 (D. Conn. 2004) (court accepted Title VII and ADA action wherein complainant appealed EEO office's final decision on a formal complaint after the prescribed thirty days had passed but filed a civil action in federal court within ninety days of that same decision). Accordingly, if the plaintiff in the instant action did fail to file his appeal of the 2004 Complaint to the EEOC within thirty days of receipt of the Notice of Final Action, the fact that he timely filed this civil action after the agency's final determination of that complaint would not preserve the claims contained therein for federal review.

However, failure to exhaust is not jurisdictional. *See Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) ("[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.") (quotations and citations omitted); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and

equitable tolling."); *accord Long v. Frank*, 22 F.3d 54, 58 (2d Cir. 1994). Thus, if plaintiff failed to timely exhaust or failed to file this lawsuit in a timely manner after exhausting, this Court must consider whether there are any grounds for equitable tolling. "Tolling of the time limit is granted when 'rare and exceptional circumstances' prevented a plaintiff from filing on time." *Williams v. Potter,* No. 06 Civ. 8258 (LAP), 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000)). When determining whether equitable tolling is applicable, a district court must consider "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos*, 201 F.3d at 184-85; *see also Smith v. Chase Manhattan Bank*, No. 97 Civ. 4507 (LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Courts have held that only in a limited number of cases do extraordinary circumstances exist. Such cases include where the plaintiff has a mental or physical disability. *See, e.g., Tsai v. The Rockefeller Univ.,* 137 F. Supp. 2d 276, 281-83 (S.D.N.Y. 2001); *Lloret v. Lockwood Greene Eng'rs, Inc.*, No. 97 Civ. 5750 (SS), 1998 WL 142326, at *2-*4 (S.D.N.Y. Mar. 27, 1998). However, in many other situations involving some purported hardship or explanation for the delay, courts have held that extraordinary circumstances did not exist. *See, e.g., Ferrer v. Potter,* No. 03 Civ. 9113 (AJP), 2005 WL 1022439, at *8 (S.D.N.Y. May 3, 2005) (holding father's death insufficient reason for equitable tolling); *Jenkins v. Potter*, 271 F. Supp. 2d 557, 564 (S.D.N.Y. 2003) (holding union representative's "wife's terminal illness" not sufficiently "extraordinary" circumstance to justify equitable tolling); *Moore v. Potter*, 217 F. Supp. 2d 364, 373 (E.D.N.Y. 2002) ("Equitable tolling is not available when it is the fault of the claimant for failing to exercise due diligence in meeting the filing deadlines."); *Chalom v. Perkins*, No. 97 Civ. 9505 (LAP), 1998 WL 851610, at *6 (S.D.N.Y. Dec. 9, 1998) ("Even if [plaintiff] did offer proof of the mental grief she alludes to, it would not reach the high standard that this circuit has applied.") (citing cases); *Brundin v. United States*, No. 95 Civ. 2689 (WK), 1996 WL 22370, at *5 (S.D.N.Y. Jan. 19, 1996) ("Although the plaintiff does supply an excuse for the delay – the unexpected death of her father – this reason alone does not warrant equitable tolling.").

B. Application

1. The 2004 Complaint

In the instant action, it is undisputed that defendant mailed the Notice of Final Action regarding the 2004 Complaint to plaintiff's attorney via certified mail with return receipt requested on May 24, 2005. Plaintiff's attorney failed to claim the mailing, and plaintiff asserts that his counsel never actually received the notice that a delivery attempt was made. Defendant proceeded to mail the Notice

to plaintiff and his counsel again, enclosing proof of the first mailing, on July 1, 2005. Both mailings stated that "the EEO Commission accepts that, absent a receipt for delivery, delivery is accomplished within five days of mailing." Plaintiff submits that his attorney did not receive this second mailing until July 10, 2005, making the appeal ultimately filed on August 7, 2005 timely within the prescribed thirty day statute of limitations. Defendant argues that the statutory period commenced on May 29, 2005, five days after the original mailing or, at the absolute latest, on July 6, 2005, five days after the second mailing.[7] According to defendant, either date would make plaintiff's appeal, filed on August 7, 2005, untimely.

As the Second Circuit has clearly stated, "[n]ormally it is assumed that a mailed document is received three days after its mailing. And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (internal quotations and citations omitted); *see also Brown v. Comm'n on Human Rights & Opportunities*, No. 3:02 Civ. 223 (CFD), 2008 WL 687358, at *3 n.6 (D. Conn. Mar. 10, 2008) ("Where, as here, the actual date of the plaintiff's receipt of the right-to-sue letter is unknown or in dispute, the court will presume receipt three days after mailing by the EEOC.") (internal citations omitted). However, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *See Sherlock*, 84 F.3d at 526.

---

[7] Defendant maintains, however, that this second mailing did not waive the requisite filing period that defendant contends was triggered by the first mailing.

The presumption that delivery was perfected in three days is "rebuttable 'by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt (or lack thereof).'" *Harrison v. North Shore University Hospital*, No. 04 Civ. 2033, 2008 WL 656674 (WDW), at *6 (E.D.N.Y. Mar. 6, 2008) (quoting *Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906, No. 97-7484 (L), 1998 U.S. App. LEXIS 1224, at *5 (2d Cir. Jan. 27, 1998)).

In the instant case, plaintiff has submitted sufficient evidence to raise disputed issues of material fact regarding the receipt of the first and second notices to place the above-referenced presumption related to mailings in question. First, with respect to the May 24, 2005 notice, the defendant concedes that, although it was sent certified mail to the office of plaintiff's attorney (Michael J. Schaff, Esq.), the attempted delivery was unsuccessful and the notice was returned to the Postal Service's EEO office after plaintiff's attorney failed to claim the certified mail. (Def.'s 56.1 ¶¶ 7-8.) Thus, it is undisputed that the first notice was unclaimed and not received. To the extent that defendant suggests that plaintiff's attorney was at fault for not claiming the certified mail at the post office after receiving a slip regarding the attempted delivery of the certified mail, the record is unclear as to whether plaintiff's counsel received that slip regarding the attempted delivery of the certified mail or whether such slip (if received) advised the attorney that the letter was from the EEOC. Second, although it is undisputed that the Postal Service mailed a second letter to plaintiff's counsel on July 1, 2005, (which explained the return of the certified mailing and attached another copy of the notice), plaintiff has submitted evidence which places in dispute the date upon which the second letter was received. In particular, plaintiff's counsel submitted a certified statement, in connection

9

with his motion for reconsideration to the EEOC, that he did not receive that July 1, 2005 letter until July 10, 2005.[8] Reviewing the evidence submitted in the light most favorable to plaintiff, the non-moving party, and drawing all reasonable inferences therefrom, the Court finds that plaintiff has sufficiently raised material issues of disputed fact to challenge the presumption that the mailing of the Notice of Final Action was received within three days of either the May 24, 2005 mailing or the July 1, 2005 mailing. In short, disputed issues of fact preclude summary judgment in defendant's favor on the issue of whether plaintiff failed to timely exhaust his administrative remedies with respect to the 2004 Complaint.[9]

---

[8] Defendant argues that the Court should not consider the statement of plaintiff's attorney, as quoted in plaintiff's opposition to the instant motion, because its adoption therein constitutes a "bare allegation in a legal memorandum . . . ." (*See* Defendant's Reply, at 4 (quoting *Thompson v. Tracy*, No. 00 Civ. 8360 (CM) (FM), 2008 WL 190449, at *3, n.2 (S.D.N.Y. Jan. 17, 2008)).) However, the Court notes that plaintiff's former attorney, who had first-hand knowledge regarding the mailing issues, stated in the EEOC submissions that he never received the May 24, 2005 mailing and that the July 1, 2005 mailing was received by him on July 10, 2005. In fact, both in the motion for reconsideration to the EEOC and in an "Attorney Certification," plaintiff's counsel stated that he received the July 1, 2005 letter on July 10, 2005. (*See* Motion for Reconsideration, at 2 (annexed as Exhibit A to plaintiff's opposition) ("On July 10, 2005, I received a letter from Mitchell Sturman, which accompanied the Notice of Final Action."); *see also* Attorney Certification (annexed as Exhibit A to plaintiff's opposition) ("I, Michael J. Schaff, Attorney at Law, received the Notice of Final Action on July 10, 2005, and file this timely Appeal in the instant case.").) The Court concludes that this evidence, from an attorney with first-hand knowledge of the relevant facts, is sufficient to raise disputed issues of fact that preclude summary judgment as to the timeliness of plaintiff's appeal of the 2004 Complaint to the EEOC.

[9] The Court recognizes that courts in other jurisdictions have determined that where delivery of an agency mailing is attempted but the intended recipient fails to claim the letter, the statute of limitations for EEOC filing purposes commences on the date of attempted delivery. *See, e.g., Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 741 (S.D. Tex. 2003); *Lee v. Henderson*, 75 F. Supp. 2d 591, 593 (E.D. Tex. 1999) (citing *Vogel v. Amer. Home Prods. Corp. Severance Pay Plan*, 122 F.3d 1065, No. 96-2674, 1997 U.S. App. LEXIS 24985, at *7 (4th Cir. Sep. 17, 1997) (unpublished)); *see also Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384-85 (9th Cir. 1997), *cert. denied*, 522 U.S. 858 (1997); *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993); *Zillyette v. Capital One Fin. Corp.*, 1 F. Supp. 2d 1435, 1439-40 (M.D. Fla. 1998), *aff'd*, 179 F.3d 1337 (11th Cir. 1999); *Middleton v. Gould*, 952 F. Supp. 435, 440 (S.D. Tex. 1996)); *accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558-60 (6th Cir. 2000); *but see Olaiya v. Dep't of Juvenile Justice*, No. 98 Civ. 228 (FB), 1999 WL 33104879, at *1-*2 (E.D.N.Y. Aug. 17, 1999) (noting that because plaintiff had exhibited diligence in the pursuit of the action and was "a *pro se* litigant proceeding under a remedial statue of broad social and economic import," plaintiff received "right to sue" letter on date of receipt of letter versus receipt of certified mail delivery notice for purposes of the ninety day statute of limitations). However, these decisions focused on plaintiff's culpability either in deliberately opting not to claim the mailing at issue, or failing to notify the agency of a change of address such that proper delivery was not possible. *See, e.g., Vogel*, 1997 U.S. App. LEXIS 24985, at *7 ("A central factor in determining when the limitations period is triggered is the extent to which the claimant's failure to receive actual knowledge of the letter was due to his own fault."). Here, any culpability on the part of plaintiff's counsel in connection with the attempted delivery on May 24, 2005 is entirely unclear. As noted *supra*, it is

District courts within the Second Circuit have held that, where there is an issue of fact regarding the receipt of an agency letter which triggers a statutory filing period, the Court may conduct an evidentiary hearing on that limited issue prior to any trial on the merits. *Marino v. Nat'l R.R. Passenger Corp. (Amtrak)*, 645 F. Supp. 816, 819 (S.D.N.Y. 1986); *see also Harrison v. North Shore Univ. Hosp.*, No. 04 Civ. 2033 (WDW), 2008 WL 656674, at *7 (E.D.N.Y. Mar. 6, 2008) ("Where the date of receipt of a right to sue letter is disputed, the court may hold an evidentiary hearing on that issue alone.");[10] *Cooper v. N.Y. State Dep't of Human Rights*, 986 F. Supp. 825, 827 (S.D.N.Y. 1997) (stating that such a hearing would have been warranted had defendant ultimately decided not to contest the timeliness issue); *O'Neal v. Marine Midland Bank*, 848 F. Supp. 413, 423 (W.D.N.Y. 1994) (stating that "this Court, acting as the fact-finder, shall weigh the evidence and make a factual determination as to whether plaintiff's complaints were filed in a timely fashion."). This Court similarly concludes that a pre-trial evidentiary hearing is the proper procedure for resolving factual disputes related to the exhaustion requirement (including equitable tolling). Therefore, as detailed at the conclusion of this Memorandum and Order, the parties to this action shall appear before this Court for an evidentiary hearing to resolve the factual disputes surrounding the timeliness of plaintiff's appeal of his 2004 Complaint to the EEOC.

2. Plaintiff's Remaining EEO Complaints

Defendant next argues that the remainder of plaintiff's claims related to all other EEO complaints filed should also be dismissed, as he failed to exhaust them in a timely manner. For reasons stated *infra*, the Court agrees.

a. Claims That Reached a Final Agency Determination

Plaintiff filed the instant lawsuit on September 14, 2006. Applicable federal regulations clearly state that a civil action must be filed within ninety days of the agency's final determination on the plaintiff's EEO complaint or, if appealed to the EEOC, within ninety days of the EEOC's final determination. *See* 29 C.F.R. §§ 1614.407(a) and (c); *Moore v. Potter*, 217 F. Supp. 2d 364, 372 (E.D.N.Y. 2002) ("It is well-settled that a claimant must file a complaint in federal court within 90 days of receiving the final agency decision on her EEO complaint."). Accordingly, all claims which resulted in a final agency determination issued before June 16, 2006, ninety days prior to plaintiff's filing of the instant action, would

---

unclear whether he received the slip from the unsuccessful delivery of May 24, 2005 notice by certified mail (or whether he knew the unclaimed letter was from the EEOC). Therefore, the analysis in the above-referenced cases regarding attempted deliveries are inapplicable because that issue cannot be resolved by summary judgment in the instant case, given these disputed issues of fact regarding whether there was any fault in the attorney's failure to claim the May 24, 2005 letter. Moreover, although plaintiff also argues that the July 1, 2005 second mailing of the notice constituted a waiver of any deadline triggered by the May 24, 2005, the Court need not resolve that issue at this time given the other disputed issues of fact that remain unresolved with respect to both mailings.

[10] The court in *Harrison* cites to the decision issued in *Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906, No. 97-7484 (L), 1998 U.S. App. LEXIS 1224, at *5-*6 (2d Cir. Jan. 27, 1998), which states that "[w]here, as here, the date of receipt of a right to sue letter is disputed, courts have held evidentiary hearings prior to a trial on the merits." However, the Court recognizes that, as a summary order, *Comrie* has no precedential value, pursuant to 2d Cir. R. § 0.23(c)(2).

11

be untimely. Plaintiff's complaint seeks relief for alleged discriminatory acts giving rise to EEO complaints which reached final determinations on September 13, 2004[11] and November 23, 2004.[12] Therefore, given these undisputed facts, any causes of action arising from incidents alleged in those complaints are untimely. Moreover, plaintiff has failed to articulate or demonstrate a sufficient basis for equitable tolling with respect to these EEO complaints. Therefore, defendant's motion for summary judgment on those claims is granted.

b. Unexhausted Claims

Plaintiff further seeks relief for alleged incidents pursuant to which he contacted an EEO counselor in 2006, but failed to file a formal complaint within the prescribed fifteen-day period.[13] (*See* Def.'s 56.1 ¶¶ 38-42.) To date, plaintiff has yet to file a formal EEO complaint related to these allegations. It is well-settled that "[f]ailure to comply with these [filing] deadlines renders a claim time-barred, unless the claim is subject to equitable tolling." *Gentile v. Potter*, 509 F. Supp. 2d 221, 233 (E.D.N.Y. 2007). Moreover, these requirements, "though not jurisdictional, 'are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Lucenti v. Potter*, 432 F. Supp. 2d 347, 357 (S.D.N.Y. 2006) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)). In the instant case, plaintiff argues that he never received the Notice of Right to File Individual Complaint on the 2006 allegations that defendant sent to him and his attorney on May 5, 2006. Therefore, plaintiff argues, he was unable to file a formal complaint within the allotted fifteen-day period.[14] However, even

---

[11] An administrative judge dismissed plaintiff's consolidated complaints, filed on December 6, 2001 and April 12, 2002, after plaintiff communicated his desire to withdraw both complaints. Plaintiff did not appeal this determination. (Def.'s 56.1 ¶¶ 17, 19, 21-22, 29.) Defendant argues that plaintiff's withdrawal of the complaints does not constitute exhaustion of the administrative process and, therefore, any claims arising from allegations contained therein are not properly exhausted. (*See* Defendant's Memorandum of Law, at 14.) However, as these claims would not be timely regardless of whether or not they were administratively exhausted, the Court need not consider that argument.

[12] An administrative judge dismissed plaintiff's April 1, 2004 complaint on May 7, 2004, for failure to state a claim. (Def.'s 56.1 ¶¶ 31-32.) Plaintiff appealed the determination and the dismissal was affirmed on September 15, 2004. (*Id.* ¶¶ 33-34.) Plaintiff filed a motion for reconsideration, which was denied on November 23, 2004. (*Id.* ¶¶ 35-36.)

[13] Plaintiff also seeks relief for acts of alleged discrimination which he reported to the EEO office on October 14, 2000; however, he voluntarily withdrew his EEO complaint on January 12, 2001, pursuant to a settlement agreement with defendant, (*see id*. ¶¶ 15-16), and is thus barred from pursuing an action in federal court arising from the alleged incidents giving rise to that complaint. *See Gentile v. Potter*, 509 F. Supp. 2d 221, 233 (E.D.N.Y. 2007) (stating that the "withdrawal of [Plaintiff's] EEO complaint must be considered as a waiver of any underlying discrimination claims") (quoting *Littlejohn v. Henderson*, No. 01 Civ. 2772 (JG), 2003 U.S. Dist LEXIS 12889, at *8 (E.D.N.Y. June 19, 2003)); *Baber v. Runyon*, No. 97 Civ. 4798 (DLC), 1998 U.S. Dist. LEXIS 20233, at *15 (S.D.N.Y. Dec. 28, 1998)*; see also Dalessandro v. Monk*, 864 F.2d 6, 8 (2d Cir. 1988) ("Once a plaintiff settles a claim and withdraws it from the EEOC, he may not then sue on the same claim in federal court.").

[14] (*See* Plaintiff's Opposition, at 2 ("I just recently discovered that copies of the Final interview and copies of the PS2579-A was mailed or faxed to my previous attorney on May 8, 2006. These are the documents needed to file a formal complaint but a copy was never delivered to me."); *see also id*. at

crediting plaintiff's version of events, it is undisputed that his attorney did receive a copy of the notice, (*see* Def.'s 56.1 ¶ 41), which "qualifies as notice to [the] client." *Ogodor v. City of New York*, No. 98 Civ. 5353 (LAK) (RLE), 2001 WL 210192, at *3 (S.D.N.Y. Feb. 26, 2001) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990)). Because plaintiff failed to file a complaint within fifteen days of his attorney's receipt of the Notice, he failed to properly exhaust any claims pursuant to which he contacted an EEO counselor on February 4, 2006. Moreover, any failure by plaintiff's attorney to notify him does not warrant equitable tolling. Nor does plaintiff sufficiently assert any other grounds for equitable tolling. Accordingly, defendant's motion for summary judgment on those claims is granted.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, is granted in part and denied in part. Specifically, defendant's motion for summary judgment on all claims which arise from allegations not contained in the 2004 Complaint is granted. Defendant's motion for summary judgment for all claims alleged in the 2004 Complaint is denied. Further, the parties to this action are ordered to participate in a telephone conference on Tuesday, April 7, 2009 at 10:00 a.m. to discuss the evidentiary hearing the Court will hold to determine the timeliness of plaintiff's appeal of the 2004 Complaint. At that time, counsel for defendant shall initiate the call and, with all parties on the line, contact Chambers at (631) 712-5670.

---

16 ("However I was never mailed any copies to know the status of [the 2006] complaint or mailed copies of the Final Interview.").)

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 4, 2009
Central Islip, New York

\* \* \*

Plaintiff is representing himself *pro se*: Eric D. Hall, 71 Acacia Avenue, Hempstead, New York, 11550. The attorney for the defendant is Denise McGinn, United States Attorneys' Office, 610 Federal Plaza, Central Islip, New York, 11722.